# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. NELSON, etc., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0520-WS-M |
| | ) |
| WHIRLPOOL CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion for appeal of interlocutory order. (Doc. 18). Defendant Whirlpool Corporation ("Whirlpool") has filed a response and the plaintiffs a reply, (Docs. 24, 28), and the motion is ripe for resolution.

## BACKGROUND

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The plaintiffs request the Court to make the necessary certification of its order denying remand. The Court concludes that the motion is due to be granted in part and denied in part.

## I. Amount in Controversy.

The Court ruled that a complaint alleging that the defendant wantonly took the life of the plaintiff's decedent places more than $75,000 in controversy under Alabama law even after *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). A "question of law" is one that addresses "the meaning of a statutory or constitutional provision,

regulation, or common law doctrine." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal quotes omitted). Because the Court's ruling depends on the scope and meaning of both *Lowery* and Alabama law on wrongful death damages, it implicates a question of law. Because the Court's subject matter jurisdiction depends on the answer to that question, it is a controlling question of law. Although the Court believes it has decided the issue correctly, the existence of contrary decisions from two other district judges in this state indicates there is substantial ground for difference of opinion.[1]

Resolution of a controlling question of law as to which there is substantial ground for difference of opinion may materially advance the ultimate resolution of the litigation when it "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. Since the Eleventh Circuit — which conducts its own Section 1292(b) review both before and after accepting a case certified by the trial court[2] — has resolved on an interlocutory basis issues concerning the propriety of removal jurisdiction,[3] the Court concludes that potentially shortening the litigation in federal court can satisfy this requirement.

Whirlpool argues that there is "no reason" to certify the amount in controversy issue because the Eleventh Circuit has recently accepted for interlocutory review the decision of Judge Thompson in *Roe v. Michelin*, 637 F. Supp. 2d 995 (M.D. Ala. 2009), that a claim for wrongful death under Alabama law satisfied the amount in controversy requirement so as to preclude remand. (Doc. 24 at 2-4). Whirlpool offers no authority

---

[1]The plaintiffs continue to unnecessarily gild the lily, trumpeting "numerous" decisions in conflict with the Court's, (Doc. 18 at 3), when all of them derive from but two judges.

[2]*McFarlin*, 381 F.3d at 1253.

[3]*E.g., Dial v. Healthspring, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008); *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1187 (11th Cir. 2004); *Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 794 (11th Cir. 1999).

for the proposition that the Court should, or even may, refuse to certify under Section 1292(b) when the statutory requirements are satisfied. In any event, the Eleventh Circuit is in a better position than this Court to decide whether and to what extent such non-statutory factors weigh against acceptance of an interlocutory appeal.

## II. Fraudulent Joinder.

The plaintiffs would like the Eleventh Circuit to review the Court's conclusion that the amended complaint does not encompass an allegation that resident defendant Clarke-Washington Electric Membership Corporation ("Clarke") wrongfully supplied electricity to a home with faulty wiring. (Doc. 18 at 3-4). In the first place, "[t]he term 'question of law' does not mean the application of settled law to fact," *McFarlin*, 381 F.3d at 1258, which is all the plaintiffs' issue implicates. Moreover, the language of the amended complaint could not be clearer, and it pellucidly does not extend to a claim that Clarke wrongfully supplied electricity to the plaintiffs' home despite its wiring deficiencies. There is no substantial ground for difference of opinion on this score.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for appeal of interlocutory order is **granted** with respect to the Court's ruling on the amount in controversy and **denied** with respect to its ruling on fraudulent joinder. The Court will amend its order denying remand accordingly.[4]

DONE and ORDERED this 11th day of January, 2010.

---

[4] Application for interlocutory appeal does not stay trial court proceedings absent court order. 28 U.S.C. § 1292(b). As both the plaintiffs and Whirlpool desire this litigation to proceed, (Doc. 18 at 4-5; Doc. 24 at 7), the Court orders no stay at this time.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE