IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. NELSON, etc., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION 09-0520-WS-B ) |
| WHIRLPOOL CORPORATION, et al., | ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Clarke-Washington Electric Membership Corporation ("Clarke") for summary judgment. (Doc. 121). All parties have declined the opportunity to respond, (Doc. 122), and the motion is ripe for resolution.

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also*

Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). On the other hand, the Court's review when the plaintiff does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id*. at 1101.

As noted in a previous order, the only allegation against Clarke is that it "failed to properly operate, maintain and inspect the electrical distribution lines, distribution transformer, overhead service entrance cable, meter box and meter set servicing the plaintiffs' home and failed to provide proper and adequate over-current and surge protection to these components of Clarke's delivery system." (Doc. 35 at 9). The Court has previously held that Clarke was fraudulently joined for purposes of determining diversity jurisdiction, because the plaintiffs sued Clarke "without a shred of evidence that any of these components experienced a surge or otherwise failed, and because they sued Clarke without first performing an inquiry into these matters that was reasonable under the circumstances." (Doc. 33 at 6-7). The affidavits submitted by the plaintiffs to support their motion to remand clearly demonstrated both these points.

On motion for summary judgment, Clarke has presented an affidavit from its manager of member services and safety director, which establishes that "[t]here were no defects in the electrical components furnished by [Clarke] in connection with [its] supplying of electricity to the plaintiffs' residence." (Doc. 121, Exhibit C). This affidavit negates the plaintiffs' ability to prove an essential element of their case against Clarke, shifting to them the burden to demonstrate the existence of a genuine issue of

material fact.  The plaintiffs, who did not respond to Clarke's motion, have not carried their burden.  On the contrary, the affidavits of their experts, presented by Clarke and discussed in detail by the Court in previous orders, confirm that the plaintiffs have no evidence to support their claims against Clarke.

Clarke devotes the argument portion of its brief to a discussion of the assertion of an expert for the plaintiffs that Clarke breached a legal duty by supplying electricity to a home with open and obvious dangerous wiring issues.  (Doc. 121 at 7-11).  As the Court has previously ruled, there is no such claim presented in the complaint.  (Doc. 35 at 11-12).[1]

For the reasons set forth above, Clarke's motion for summary judgment is **granted**.  All claims by the plaintiffs against Clarke are **dismissed with prejudice**.

DONE and ORDERED this 26th day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs were granted leave to file an amended complaint asserting such a claim, (Doc. 107), but they declined to do so.  (Doc. 109 at 4).