IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID H. NELSON, etc., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0520-WS-B |
| | ) | |
| WHIRLPOOL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the plaintiff's *Daubert* motion as to defense expert Edward Joy. (Doc. 145). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 145, 149-50, 154), and the motion is ripe for resolution.

The plaintiffs are the personal representatives of the estates of their three minor children, who died in a house fire on January 30, 2009. The defendant is the manufacturer of a combination air conditioner/heater window unit in the home. The amended complaint alleges that the unit caught fire, engulfing the house and claiming the children's lives. (Doc. 1 at 53).

Edward Joy is an electrical engineer. According to his report, Joy is prepared to testify: that there is no evidence of electrical arcing or abnormal electrical activity within the unit and no evidence of high-resistance contact that would cause ignition within the unit; that any fire begun in the unit's control box could not have escaped and caused the house fire; and that he cannot rule out various other possible causes of the fire. (Doc. 150, Exhibit E at 11). The plaintiff challenges Joy's ability to render these opinions. (Doc. 145 at 5).

"Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by

[1]

which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc*., 158 F.3d 548, 562 (11th Cir. 1998) (footnote omitted). There are thus three discrete inquiries: qualifications, relevance, and reliability.[1] The burden of establishing these three requisites lies with the proponent. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).[2]

An expert may be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. An expert is not necessarily unqualified simply because her experience does not precisely match the matter at hand. *See Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001) (an economic expert was qualified even though he "ha[d] no real estate development experience and thus no basis to opine regarding how the pilfered funds would have been invested by the Plaintiffs"); *id*. at 669 (expert knowledgeable concerning the practices of Mexican immigration authorities generally was qualified to testify even though he had no experience with Monterey officials in particular).

To the requirement of Rule 401 that evidence possess a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," Rule 702 adds that expert evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." The evidence must "concern matters that are beyond the understanding of the average lay person. ... Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387

---

[1] *See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (although there is "some overlap" among these inquiries, they "are distinct concepts that courts and litigants must take care not to conflate").

[2] Expert testimony must also satisfy other applicable rules of evidence, including Rules 401, 402 and 403. *Allison v. McGhan Medical Corp*., 184 F.3d 1300, 1309 (11th Cir. 1999).

F.3d at 1262-63. In addition, there must be "an appropriate 'fit' with respect to the offered opinion and the facts of the case." *McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004); *accord Boca Raton Community Hospital, Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir. 2009).

The most heavily litigated component of the *Daubert* analysis is reliability. Expert testimony "must be 'scientific,' meaning grounded in the methods and procedures of science, and must constitute 'knowledge,' meaning more than subjective belief or unsupported assumptions." *McDowell*, 392 F.3d at 1298. Rule 702 identifies three components of the reliability element: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

*Daubert* identifies several non-exclusive factors that a court may consider as appropriate in gauging the reliability of the principles and methods utilized by the expert: (1) whether the methodology has been, or is amenable to, testing; (2) whether it has been subjected to peer review and/or publication; (3) the known and potential error rate of the methodology; and (4) whether it has been generally accepted in the relevant scientific community. 509 U.S. at 593-94. "Notably, ... these factors do not exhaust the universe of considerations that may bear on the reliability of a given expert opinion, and a federal court should consider any additional factors that may advance its Rule 702 analysis." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Among such factors, "[i]n evaluating the reliability of an expert's method, ... a district court may properly consider whether the expert's methodology has been contrived to reach a particular result." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

Whatever factors are considered, the Court's focus should "be solely on principles and methodology, not the conclusions they generate." *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999) (internal quotes omitted). It is therefore error to conflate admissibility with credibility, as by considering the relative weight of competing experts and their opinions. *Quiet Technology*, 326 F.3d at 1341. Thus, for example, "a

district court may not exclude an expert because it believes the expert lacks personal credibility because of prior bad acts or other prior instances of untruthfulness." *Rink*, 400 F.3d at 1293 n.7.

The plaintiff first complains that Joy is not an expert in the field of electrical fire causation analysis, fire origin and cause analysis, or forensic engineering. (Doc. 145 at 10). The argument assumes that Joy must be such an expert before he can opine as to whether the unit exhibits signs of abnormal electrical activity. But the Court has been given no reason to believe that a Georgia Tech professor with almost 50 years experience as a professor and electrical engineer is ignorant of the signs of electrical arcing and high-resistance contact and how to detect them. While an expert must utilize a reliable methodology, the plaintiff has not explained how Joy's application of his expertise as an electrical engineer to his own inspection of the unit and his review of the reports of other experts fails to constitute a reliable methodology for determining the presence or absence of signs of abnormal electrical activity.

The situation is different with respect to Joy's opinion that he cannot rule out various potential causes of the fire. The defendant's position is obscure. It affirmatively states that Joy *will not* offer any opinion on the cause of the fire, (Doc. 149 at 5), yet it simultaneously insists that Joy *will* testify that the power cord "could have been the electrical cause of the fire." (*Id*. at 8). Whatever the defendant's position, only one qualified to identify and evaluate various possible causes of fire, and only one employing a reliable methodology to do so, can properly testify that he cannot rule something out as the cause of a fire. The defendant admits that Joy is not an expert in fire cause analysis, electrical fire causation analysis or forensic engineering, and Joy identifies no methodology he followed for ruling something in or out as the cause of the fire. It may be assumed that Joy truly cannot rule out certain causes of the fire, but he has not been shown to be an expert employing a reliable methodology in making that statement.

Joy does not pretend to be an expert with respect to the ability vel non for a fire beginning in the unit's control box to spread beyond it. He is simply parroting what the defendant has said is the result of tests it performed, possibly on non-similar units, under

[4]

very different conditions.  The defendant does not even attempt to salvage Joy's testimony in this regard.

For the reasons set forth above, the plaintiff's motions to exclude the opinions and testimony of Edward Joy is **denied** with respect to his testimony and opinion that there is no evidence of electrical arcing or abnormal electrical activity within the unit and no evidence of high-resistance contact that would cause ignition within the unit.  In all other respects, the motion is **granted**.  Joy's presentation at trial will be limited as set forth herein.

DONE and ORDERED this 12th day of May, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE